NUMBER 13-06-495-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 

 

WILFREDO AVILES, M.D., ET AL., Appellants,


v.
 


ALBERT AGUIRRE, ET AL., Appellees.

 

On appeal from the 370th District Court 

of Hidalgo County, Texas.


 


DISSENTING MEMORANDUM OPINION



Before Chief Justices Valdez and Justices Garza and Vela


Dissenting Memorandum Opinion by Justice Vela


 

 I dissent from the majority's opinion for two reasons. First, the opinion conflicts with
this Court's earlier opinion in Trevino v. Carrizales, No.13-05-556-CV, 2006 WL 2371350
(Tex. App.-Corpus Christi 2006, no pet.) (mem. op.), which correctly held that a trial court
may not completely deny a duly filed motion for attorney's fees and costs brought pursuant
to former article 4590i section13.01(e). (1) Second, the majority's opinion is contrary to the
plain language and the purpose of the statute and will lead to absurd results not
contemplated by the Legislature. In essence, the opinion deprives attorney's fees,
mandated by section 13.01, to health care providers who procure professional liability
insurance. 

I.

Background


 On February 18, 1997, multiple plaintiffs (collectively, the "Aguirres") initiated suit
against Wilfredo Aviles, individually and d/b/a Mid-Valley Pediatrics Association and/or
Wilfredo Aviles M.D., P.A., William Mosier and Pro Script Pharmacy Services (collectively,
"Aviles"). Dr. Aviles, through counsel, answered the lawsuit. The Aguirres did not file an
expert report as required by former article 4590i section 13.01. Two years later, Aviles,
again through counsel, filed a motion to dismiss and motion for sanctions as a result of the
Aguirres' failure to file an expert report. At that time, the trial court requested briefing and
took the matter under advisement. 

 After five years of waiting for a ruling, Aviles's attorney filed an amended motion for
sanctions and dismissal on his behalf, which the trial court heard on August 10, 2004. 
Again, the trial court made no ruling. At Aviles's attorney's request, three additional
hearings were held on May 23, 2004, October 6, 2005, and May 16, 2006. Finally, on June
29, 2006, the trial court signed an order dismissing the Aguirres' case for failure to file an
expert report, but specifically denied Aviles's request for attorney's fees because Aviles did
not "personally pay any of the attorney's fees in defense of this claim." 

II.

Legal Analysis

 

 With few exceptions, a party cannot recover attorney's fees unless permitted by
statute or contract. Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 310 (Tex. 2006). 
Former article 4590i section 13.01 was a statute that not only permitted, but mandated, the
award of attorney's fees. See Tex. Rev. Civ. Stat. Ann. art. 4590i § 13.01(e)(repealed
2003). (2)
 

It provided:

 If a claimant has failed, for any defendant physician or health care provider,
to comply with Subsection (d) of this section within the time required, the
court shall, on the motion of the affected physician or health care
provider, enter an order awarding as sanctions against the claimant or the
claimant's attorney:


 (1) the reasonable attorney's fees and costs of court incurred by that
defendant;


(emphasis added). 

 This clear and unambiguous language mandates an award of reasonable attorney's
fees upon a plaintiff's failure to comply with former section 13.01(d) expert report
requirements. If the requirements of the statute are not met the court must enter an order
as sanctions both dismissing the case and granting defendant its costs and attorney's fees. 
Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001). 
Although the trial court has discretion to set the amount of reasonable attorney's fees,
appellate courts, including this Court, have been clear that a trial court may not, in
circumstances such as these, completely deny a duly filed motion for attorney's fees and
costs of court. Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998); Doades v. Syed, 94
S.W.3d 664, 674 (Tex. App.-San Antonio 2002, no pet.); see also Trevino v. Carrizales,
No. 13-05-556-CV, 2006 WL 2371350 at *1 (Tex. App.-Corpus Christi August 17, 2006,
no pet.) (mem. op.). Even though this Court, in Carrizales, determined that the statute was
mandatory, the majority now backtracks to hold the statute's mandatory award of attorney's
fees as sanctions only applicable when a health care provider actually pays the attorney's
fees out-of-pocket.


 Here, there was no claim that the fees sought as sanctions were improperly proven
or unreasonable. Yet, the majority holds that the plain meaning of the statute prefaces the
award of attorney's fees upon a health care defendant having "liabilities cast upon him."
Although the majority states that it is construing the statute to determine and give effect to
the Legislature's intent, it is clearly not. Section 13.01 was enacted for two purposes: (1)
to reduce health care costs by reducing the filing of frivolous medical malpractice actions
and, (2) to allow physicians to recoup some of their court costs from a successful defense. 
Wickware v. Sullivan, 70 S.W.3d 214, 219 (Tex. App.-San Antonio 2001, no pet.); Andress
v. MacGregor Med. Ass'n, P.A, 5 S.W.3d. 855, 859-60 (Tex. App.-Houston [14th Dist.]
1999, no pet.). Construing the statute to deprive insured health care providers of
attorney's fees that they are entitled to as sanctions serves neither purpose.

 Additionally, the majority seems to equate the term "incur" with the term "pay." 
Clearly, Dr. Aviles incurred attorney's fees, even though the fees were paid by the
insurance company with whom he contracted. There is no doubt that the fees sought were
for counsel's representation of Aviles. The majority's interpretation hones in narrowly on
the word "incur," while ignoring the rest of the statute. Regardless, even under the
majority's definition of "incur" Dr. Aviles was entitled to attorney's fees. Certainly, without
the benefit of insurance, Dr. Aviles would be subject to or liable for his attorney's fees. The
majority's holding makes no sense in view of both the plain language of the statute and its
purposes. 

 I would reverse and remand the order with regard to the denial of attorney's fees. 

 

 

 ROSE VELA

 Justice


Dissenting Memorandum Opinion delivered and 

filed this 14th day of February, 2008.
1. Article 4590i of the Texas Revised Civil Statutes, which contained section 13.01 of the former Medical
Liability and Insurance Improvement Act, was repealed in 2003. See Act of April 19, 1977, 65th Leg., R.S.,
Ch. 817, 1977 Tex. Gen. Laws 2039, 2064, repealed by Act of May 16, 2003, 78th Leg., R.S., Ch. 204, §
10.09, 2003 Tex. Gen. Laws 847.
2. The language of the current statute also mandates attorney's fees when a claimant fails to comply
with the initial requirements for filing an expert report. The import and significance of this court's opinion will
not be limited to the former law. The language is, as follows:


 (b) If, as to a defendant physician or health care provider, an expert report has not
been served within the period specified by subsection (a), the court, on motion of the affected
physician or health care provider, shall, subject to subsection (c), enter an order that:


 (1) awards the affected physician or health care provider reasonable attorney's fees incurred
by the physician or health care provider.


Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2007).